TEXTO COMPLETO DE LA RESOLUCION
José A. Fernández Crespo recurre de dos resoluciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, en virtud de las cuales dicho foro denegó una solicitud de supresión de evidencia y la desestimación de los cargos que pesan contra éste.
Evaluado el recurso, ordenamos al Procurador General expresar su posición. Además, autorizamos al peticionario elevar la transcripción de la vista obtenida por éste.
Evaluada toda la documentación ante nos, se deniega el auto.
I
Contra el peticionario se presentaron tres acusaciones por infracciones al Art. 412 de la. Ley de. Sustancias Controladas, 24 L.P.R.A. see. 241 Ib. Posteriormente, dos de ellas fueron archivadas y la restante acusación fue enmendada. Se le imputó la posesión con intención de distribuir, vender, disponer, transportar, etc., parafernalia *667 relacionada con sustancias controladas, consistentes en cajas de libretas de papel Bambú, bolsas plásticas transparentes de diferentes tamaños, cajas de rollos de papel de aluminio, potes de polvo de lactosa, pesas, balanzas, cucharitas, cápsulas de envasar "crack" y otros materiales que se utilizan en la preparación, mezcla, empaque e introducción en el cuerpo humano de sustancias controladas. Apéndice del recurso de certiorari, pág. 59.
El peticionario solicitó la desestimación de los cargos, por el fundamento de que la acusación constituia la aplicación de una ley ex post facto. También solicitó la supresión de la evidencia alegando que la orden de allanamiento que dio base a su incautación era insuficiente para establecer causa probable. El foro recurrido celebró una vista para dilucidar la moción de supresión de evidencia y mediante una resolución del 25 de mayo de 2000, notificada el 26 de mayo, declaró no ha lugar la solicitud. Apéndice del recurso de certiorari, págs. 129-130. El peticionario solicitó la reconsideración de dicha resolución el 26 de junio de 2000, la cual fue declarada sin lugar de plano el 29 de junio y se le notificó a las partes el 30 de junio.
La moción de desestimación también fue declarada sin lugar mediante Resolución del 28 de junio de 2000, la cual fue notificada el 30 de junio. Apéndice del recurso de certiorari, págs. 136-140. El peticionario recurre de ambas resoluciones mediante el recurso de certiorari que nos ocupa. Plantea los siguientes errores:

“Cometió error el [foro recurrido] al declarar sin lugar la moción de supresión de evidencia, habida cuenta de que: (a) los documentos presentados, entiéndase orden de registro y declaraciones juradas, era injusto admitirlas el (sic) duplicado en lugar del original; (b) la orden era insuficiente de su propia faz; (c) una lectura de la orden obligaba a concluir que no había causa probable para creer en la existencia de los fundamentos en que se basó la misma; (d) la declaración jurada que alegadamente sirvió de base para la expedición de la orden era insuficiente, porque lo afirmado bajo juramento en la misma era falso parcialmente y lo restante insuficiente para determinar causa probable.

Cometió error el [foro recurrido] al declarar sin lugar la moción de desestimación, ya que al aplicarle la Ley 110 del 3 de septiembre de 1997, a los bienes que el peticionario y su empresa poseían, y acusar al primero por la posesión de éstos, era una actuación ilegal por constituir una aplicación 'ex post facto' de dicha legislación, acción prohibida por el Art. 11, Sec. 12 de la Constitución de Puerto Rico y la Constitución de los Estados Unidos, así como quebrantar su derecho fundamental al disfrute de la propiedad y privar a éste de la misma sin garantizarle el debido proceso de Ley, según garantizado por el Art. II, Sec. 7 de la Constitución de Puerto Rico. ”

Examinémoslos.
II
El primer señalamiento de error se refiere a la resolución del 25 de mayo de 2000, que denegó la moción de supresión de evidencia. Esta fue notificada el 26 de mayo. El peticionario solicitó la reconsideración de esta resolución el 26 de junio de 2000, que era el último día para recurrir mediante certiorari ante nos. Carecemos de jurisdicción para revisar esa resolución. El recurso de certiorari se interpuso, luego de transcurrido el término de 30 días a partir de la notificación de la resolución, sin que dicho término se hubiera interrumpido. Art. 4.002 (f) de la Ley de la Judicatura, 4 L.P.R.A., see 22 k. La moción de reconsideración no interrumpió dicho término porque no fue acogida por el Tribunal de Primera Instancia dentro del término de 30 días, según requiere el inciso (f), para que el término quede interrumpido.
El término de 30 días que concede el Art. 4.002 (f) para recurrir de una resolución interlocutoria a este Tribunal, es un término de cumplimiento estricto. Sólo se puede presentar un certiorari fuera de ese término cuando medien circunstancias especiales debidamente sustentadas en la petición de certiorari. Rojas Lugo v. Axtmayer, Op. de 21 de marzo de 2000, 150 D.P.R. _, 2000 J.T.S. 59; Arriaga v. F.S.E., Op. de 18 de marzo de 1998, 145 D.P.R. _, 98 J.T.S. 28
*668 A tenor con lo dispuesto en el Art. 4.002, forzoso es concluir que el término de 30 días para recurrir en certiorari de la resolución que denegó la moción de supresión de evidencia, notificada el 26 de mayo, venció el lunes, 26 de junio de 2000. Dicho término no fue interrumpido por la presentación, de la moción de reconsideración, pues ésta fue presentada el día número 30 y no fue acogida ese mismo día por el Tribunal de Primera Instancia. Por lo tanto, la petición de certiorari, presentada el 18 de julio de 2000, estaba fuera del término de 30 días dispuesto por el Art. 4.002 (f). No se nos ilustra de causa alguna que justifique la tardanza.
Examinemos el reclamo relativo a la Moción de Desestimación.
El acusado solicitó la desestimación de los cargos, a base de que las acusaciones constituían una aplicación ex post facto de la Ley Núm. 110 de 3 de septiembre de 1997, supra. También alegó que la Ley Núm. 110 lo privó de su propiedad sin el debido proceso de ley.
En cuanto al primer planteamiento, coincidimos con el Procurador General en que el peticionario hizo una exposición correcta del derecho aplicable. No obstante, lo aplicó incorrectamente a los hechos. La prohibición contra la aplicación de leyes ex post facto, conocida en el campo penal como la irretroactividad de la ley penal, es parte integrante del principio de legalidad. Esta prohibición está contenida en la sec. 12 del Art. II de la Constitución de Puerto Rico y en el Art. 4 de Código Penal, así como en la see. 9, el. 3 y la sec. 10, cl. 1 del Art, I de la Constitución de los Estados Unidos.
El Tribunal Supremo de Estados Unidos definió lo que es una ley ex post facto en el caso de Calder v, Bull, 3 Dalas 386, 1 L.Ed. 648 (1878). Estableció los siguientes principios:

“1. Toda ley que considera delictivo y castiga un acto que al ser realizado, no era punible.

2. Toda ley que agrava un delito o lo hace mayor de lo que era al momento de ser cometido.

3. Toda ley que altera el castigo y que impone una pena mayor que la fijada al delito al momento de ser cometido.

4. Toda ley que altera las reglas de evidencia y exige menos prueba o prueba distinta a la exigida por la ley vigente a la fecha de la comisión del delito. ”

Esta definición fue adoptada por el Tribunal Supremo de Puerto Rico. Fernández v. Rivera, 70 D.P.R. 900 (1950); Pueblo v. Pérez Méndez, 83 D.P.R. 539, 545 (1961). Recientemente fue ratificada por el Tribunal Supremo federal en Carmel v. Texas, 529 U.S. _, 146 L.Ed.2d. 588 (2000).
La prohibición constitucional contra leyes ex post facto fue concebida con el propósito de asegurarse que las leyes le den a las personas una notificación adecuada de sus efectos, para que éstas puedan descansar en su significado hasta que las leyes sean cambiadas. Este derecho a una notificación adecuada es la consideración esencial de la prohibición contra leyes ex post facto. No es garantizarle al individuo, un castigo menor. Weaver v. Graham, 450 U.S. 28; 101 S.Ct. 960 (1981). En consonancia con ese propósito, en Weaver, el Tribunal Supremo federal estableció dos elementos que deben estar presentes para que una ley penal sea considerada ex post facto: la ley debe ser retrospectiva, o sea, debe aplicar a eventos que ocurrieron antes de que la ley fuera aprobada, y debe poner en desventaja al ofensor (las leyes que lo benefician no son consideradas ex post facto.)
Si consideramos la legislación en controversia, a la luz de los elementos antes expresados, tenemos que concluir que no estamos ante la aplicación de una ley ex post facto porque la acusación se refiere a hechos ocurrido el 25 de mayo de 1998, y la ley Núm. 110, aprobada el 3 de septiembre de 1997, entró en vigor el 3 de octubre de 1997. Hubo 30 días de notificación a las personas de que la posesión de los objetos descritos en la ley fue prohibida. La alegación de que el peticionario poseía el material ocupado desde antes de la aprobación *669 de la Ley Núm. 110, es totalmente impertinente porque no se le acusó por la posesión, antes de que entrara en vigor la Ley.
Por ultimo, el peticionario argumenta que al declarar ilegal la posesión de parafemalia relacionada con sustancias controladas y no proveer las herramientas para disponer de ellas, la Ley Núm. 110 le violó su derecho propietario sin garantizarle un debido procedimiento de ley.
No tiene razón. En su justa perspectiva, el peticionario lo que realmente reclama es que la Ley 110 no le dio la oportunidad o las herramientas para deshacerse del material sin cometer el delito. Recurso de certiorari, pág. 36. No obstante, el peticionario no cuestiona el poder del Estado para prohibir la posesión de dicha propiedad. Como se sabe, el Estado, bajo su poder de policía, puede prohibir la posesión, uso y distribución de sustancias controladas, así como de los objetos relacionados con la posesión y trasiego de dichas sustancias controladas. También está autorizado a confiscar toda sustancia controlada y todo objeto que esté relacionado con infracciones a la Ley de Sustancias Controladas, sin que medie compensación alguna. Ley Núm. 4 de 23 de junio de 1997, según enmendada, 24 L.P.R.A. see. 2512.
Al ejercer su poder de policía para prohibir la posesión de sustancias controladas y de parafemalia, el gobierno no está obligado a compensar al dueño ni a conceder tiempo para que las personas se deshagan de la propiedad antes de que entre en vigor la prohibición. Ninguna de las decisiones citadas por el peticionario apoya su reclamo de que el gobierno tenía que dar un tiempo mayor para disponer de sus bienes, antes de que fueran declarados ilegales. Estas decisiones se refieren mayormente a limitaciones al derecho de propiedad en el ámbito administrativo o en el civil y son inaplicables a la controversia. Ninguna de ellas se refiere al poder del estado para establecer delitos en el ámbito penal.
Con estos antecedentes, se deniega el auto solicitado.
Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General